# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL MARTIN** | : | CIVIL ACTION |
| 430 Clark Hill Rd | : | |
| Osteen, FL 32764 | : | |
| | : | |
| Plaintiff | : | No.: |
| | : | |
| v. | : | |
| | : | |
| **EXPERIHAUS LAB WORKS, INC.,** | : | |
| 7700 St. Martins Lane | : | |
| Philadelphia, PA 19118 | : | |
| | : | |
| **EXPERIHAUS LLC,** | : | |
| 7700 St. Martins Lane | : | |
| Philadelphia, PA 19118 | : | |
| | : | |
| **JIM HOPPER,** | : | |
| 7700 St. Martins Lane | : | |
| Philadelphia, PA 19118 | : | |
| | : | |
| **DEVON CRAYCHEE,** | : | |
| 1510 North Harrison Boulevard | : | |
| Boise, ID 83702 | : | |
| | : | |
| **CLARK LODGE,** | : | |
| 3330 E 7th Avenue Pkwy | : | |
| Denver, CO 80206 | : | |
| | : | |
| **JOE YOUNG,** | : | |
| 1006 Daniel Drive | : | |
| Austin, TX 78704 | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the action is between citizens of different states.

2. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Plaintiff is a resident of Florida who was not paid his agreed upon wages by Defendants.

4. Defendant ExperiHaus Lab Works, Inc. is a corporation formed under Delaware law with its principal place of business at 7700 St. Martins Lane, Philadelphia, PA 19118.

5. Defendant ExperiHAUS LLC is a Delaware limited liability company with its principle place of business at 7700 St. Martins Lane, Philadelphia, PA 19118.

6. ExperiHaus Lab Works, Inc. and ExperiHAUS LLC will be referred to in this Complaint as "ExperiHaus."

7. Defendant Jim Hopper is an agent or officer of ExperiHaus who is a citizen of Pennsylvania residing at 7700 St. Martins Lane, Philadelphia, PA 19118.

8. Defendant Devon Craychee is an agent or officer of ExperiHaus who is a citizen of Idaho residing at 1510 North Harrison Boulevard, Boise, ID 83702.

9. Defendant Clark Lodge is an agent or officer of ExperiHaus who is a citizen of Colorado residing at 3330 E 7th Avenue Pkwy Denver, CO 80206.

10. Defendant Joe Young is an agent or officer of ExperiHaus who is a citizen of Texas residing at 1006 Daniel Drive, Austin, TX 78704.

11. Defendants are employers as defined in the Pennsylvania Wage Payment and Collection Law.  Each of the individual defendants was actively involved in corporate decision making, and indeed they exercised policy making functions at ExperiHaus.  Therefore, all are liable as employers under the Pennsylvania Wage Payment and Collection Law.

12. Plaintiff was employed by Defendants pursuant to a written contract, which specified that as of July 2024 Plaintiff's salary would be $175,000.

13. Plaintiff worked diligently for Defendants through December 2025 when Defendants terminated his employment.

14. From July to December 2025 Defendants failed and refused to pay Plaintiff his full salary, making the excuse that they did not yet have the money to pay him, but assuring Plaintiff that he would be paid his full salary eventually.

15. The amount of the shortfall in Plaintiff's salary is $57,500.04.

16. In addition to salary, Defendants agreed to issue stock to Plaintiff in December 2025, but they did not issue the stock. The value of the stock that was not issued constitutes wages under the Pennsylvania Wage Payment and Collection Law.

17. Defendants promised to provide Plaintiff healthcare insurance coverage under a Blue Cross/Blue Shield plan, but they never did so.

18. More than thirty days has elapsed since Plaintiff demanded payment of his unpaid salary.

19. Defendants falsely represented to Plaintiff, through their payroll service Gusto, that they had paid the State of Florida unemployment compensation taxes as required by Florida law.

20. Defendants failed pay unemployment compensation taxes as required by law. As a result, Plaintiff's claim for unemployment compensation was denied. Accordingly, Defendants owe Plaintiff $275/week in unpaid unemployment compensation for the time period Plaintiff remains unemployed.

21. The total amount owed to Plaintiff, including unpaid wages, liquidated damages and attorneys' fees incurred to date exceeds $75,000.

## COUNT ONE

(Violation of Pennsylvania Wage Payment and Collection Law)

22. Defendants are employers as defined in the Pennsylvania Wage Payment and Collection Law.

23. Defendants have failed and refused to pay Plaintiff the wages he was promised, in the amount of $57,500.04 in salary, plus medical insurance benefits and stock options which were promised but never issued.

24. More than thirty days has elapsed since Plaintiff demanded payment of his wages in writing. Accordingly Plaintiff is entitled to liquidated damages of 25% of his unpaid wages.

25. Pursuant to the WPCL Plaintiff is entitled to payment of his reasonable attorneys' fees and costs in pursuing his unpaid wages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, plus liquidated damages; (2) a reasonable attorneys' fee; (3) Plaintiff's expert witness fee, if any; (4) other costs of the action; (5) interest; and (6) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT TWO

(Breach of Contract)

26. Plaintiff and Defendant ExperiHaus entered into a written contract specifying that Plaintiff would be paid a salary of $175,000 commencing in July 2025.

27. Defendant ExperiHaus failed to pay Plaintiff's salary as agreed.

4

28.     Plaintiff has been damages by Defendant's breach of contract.

WHEREFORE, Plaintiff demands compensatory damages, plus prejudgment interest and such other relief as the Court deems proper.

### COUNT THREE

(Fraud)

29.     Defendants intentionally and willfully misrepresented to Plaintiff that they had paid unemployment compensation taxes to the State of Florida.

30.     Plaintiff relied on Defendants' misrepresentation.

31.     Plaintiff has been damages by Defendants' misrepresentation in that the State of Florida has denied his claim for unemployment compensation benefits to which he would otherwise be entitled.

WHEREFORE, Plaintiff demands compensatory and punitive damages, plus prejudgment interest and such other relief as the Court deems proper.

Respectfully submitted,

Date: 3/10/2026

By: */s/ M. Frances Ryan*
M. Frances Ryan
Validation of signature code:  MFR1130
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way, Suite 403
Exton, PA  19341
(610) 594-1600
mfrancesryan@wusinichsweeney.com
*Attorney for Plaintiff*